# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DORA YVONNE ACUNA GONZALES, <br><br> Defendant. | Case No. 17CR2970-H <br><br> ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE UNDER TITLE 18 U.S.C. § 3582(c)(1)(A) <br><br> (Doc. No. 29.) |

Pending before the Court is Defendant Dora Yvonne Acuna Gonzales' ("Defendant") *pro se* motion for compassionate release under Title 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 29.) The Defendant's seeks to reduce her imprisonment term due to the current COVID-19 pandemic. (Id.) The Government has filed a response in opposition to the Defendant's motion. (Doc. No. 32.) For the reasons set forth below, the Court denies the Defendant's motion.

## Background

On October 17, 2017, the Defendant, with her consent, tendered a guilty plea before the Magistrate Judge for importation of heroin in violation of Title 21 U.S.C. §§

-1-

952 and 960 as charged in Count 1 of the Information. (Doc. Nos. 17 and 18.) The Defendant executed a written plea agreement (Doc. No. 19) and the Magistrate Judge issued her Findings and Recommendation recommending that this Court accept the Defendant's guilty plea (Doc. No. 20). On November 2, 2017, this Court adopted the Findings and Recommendation of the Magistrate Judge and accepted the Defendant's guilty plea. (Doc. No. 21.) On January 22, 2018, the Court sentenced the Defendant to a custodial term of 60 months followed by four years of supervised release. (Doc. Nos. 26 and 27.) On that same date, after the Defendant admitted to violating the conditions of her supervised release, the Court revoked the Defendant's supervised release term in case no. 11-cr-2441-H and issued a custodial term of 15 months with 6 months to run consecutive to the sentence imposed in this case and 9 months to run concurrently. (See United States v. Acuna Gonzales, Case No. 11-cr-2441-H, Doc. Nos. 50 and 51.) On July 8, 2020, the Defendant filed a motion for compassionate release under § 3582(c)(1)(A). (Doc. No. 29.) The Court ordered the Defendant's motion be filed *nunc pro tunc* to July 6, 2020, the date the Clerk's Office received the Defendant's motion. (Doc. No. 28.) On July 21, 2020, the Government filed its response in opposition to the Defendant's motion. (Doc. No. 32.)

## Discussion

A district court is generally prohibited from modifying a sentence once it has been imposed, unless expressly permitted by law. United States v. Penna, 319 F.3d 509, 511 (9th Cir. 2003); United States v. Handa, 122 F.3d 690, 691 (9th Cir. 1997), as amended on reh'g (Aug. 4, 1997), cert. denied, 522 U.S. 1083, 118 S.Ct. 869, 139 L.Ed.2d 766 (1998) ("A district court does not have inherent power to resentence defendants at any time. Its authority to do so must flow either from the court of appeals mandate under 28 U.S.C. § 2106 (1982) or from Federal Rule of Criminal Procedure 35.") (citations omitted); United States v. Barragan-Mendoza, 174 F.3d 1024, 1028 (9th Cir. 1999) ("[D]istrict courts do not have 'inherent authority' to reconsider sentencing orders.") (citations omitted.)

One exception to the district court's prohibition from modifying a sentence is the compassionate release provision of Title 18 U.S.C. § 3582(c)(1)(A). That provision provides:

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that--
> (1) in any case--
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> (i) extraordinary and compelling reasons warrant such a reduction; or
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[1]

For a court to have jurisdiction to hear a defendant's motion for compassionate

---

[1] A prior version of § 3582(c)(1)(A) permitted a court to reduce a defendant's term of imprisonment only upon the motion of the Director of the Bureau of Prisons. The First Step Act of 2018, Pub. L. No. 115-391, § 603, modified § 3582(c)(1)(A) to allow a defendant to make a motion to the Court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." See Mohrbacher v. Ponce, No. CV 18-00513-DMG (GJS), 2019 WL 161727 (C.D. Cal. Jan. 10, 2019) (Gee, J.) (Discussing modifications made to § 3582(c)(1)(A) by the First Step Act; see also United States v. Curry, No. CR 6:06-082-DCR, 2019 WL 508067 (E.D. Ky. Feb. 8, 2019) (Reeves, J.) (same.)

release, a defendant must first meet the exhaustion criteria set forth in § 3582(c)(1)(A). Gallo Cattle Co. v. U.S. Dep't of Agric., 159 F.3d 1194, 1197 (9th Cir. 1998) ("[S]tatutorily-provided exhaustion requirements deprive the court of jurisdiction and, thus, preclude any exercise of discretion by the court."); United States v. Reid, 2020 WL 1904598, at *4 (N.D. Cal. April 18, 2020) (Breyer, J.) ("Exhaustion is therefore required by [§ 3582(c)(1)(A)]. The Court cannot forgive the failure to exhaust, and without exhaustion, the Court lacks jurisdiction over the motion."); United States v. Valladares, No. 17CR3715-JAH, 2020 WL 2062252, at *2 (S.D. Cal. Apr. 29, 2020) (Houston, J.) ("This Court also joins other sister courts in the Ninth Circuit and elsewhere in concluding that this Court has no authority to consider Defendant's motion until the exhaustion criteria of § 3852(c)(1)(A) is met."). The burden rests with the Defendant to provide proof that she has met the exhaustion criteria set for the in § 3852(c)(1)(A) and to establish that compelling and extraordinary reasons exists to warrant his release. United States v. Holden, No. 3:13-CR-00444-BR, 2020 WL 1673440, at *3 (D. Or. Apr. 6, 2020) (Brown, J.) ("A defendant seeking a reduction in his terms of imprisonment bears the burden to establish both that he has satisfied the procedural prerequisites for judicial review and that compelling and extraordinary reasons exist to justify compassionate release.").

In this matter, the Defendant attached to her motion a handwritten copy of her request to the warden of the Bureau of Prisons ("BOP") dated April 19, 2020, indicating her request for compassionate release. (Doc. No. 29 at 4-5.) Accordingly, given that 30 days has elapsed from the date of the Defendant's request, the Court is satisfied that it has jurisdiction to consider the Defendant's motion for compassionate release under § 3852(c)(1)(A).

Under § 3582(c)(1)(A)(i) a court may reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." In determining what constitutes "extraordinary and compelling reasons," the Court turns to U.S.S.G. § 1B1.13 for guidance. Barber v. Ives, No. 3:17-CV-01975-BR, 2018 WL

1002612, at *3 (D. Or. Feb. 20, 2018) (Brown, J.) ("Congress directed the United States Sentencing Commission to adopt a policy statement to guide a district court's discretion in determining when 'extraordinary and compelling reasons' exist to grant a reduction in sentence once such a motion is filed.") (citing Title 28 U.S.C. § 994(t)[2]). U.S.S.G. § 1B1.13 cmt. n.1(A) and (B) (Nov. 1, 2018) provides:

> 1. Extraordinary and Compelling Reasons.--Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
> (A) Medical Condition of the Defendant.--
>     (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>     (ii) The defendant is--
>         (I) suffering from a serious physical or medical condition,
>         (II) suffering from a serious functional or cognitive impairment, or
>         (III) experiencing deteriorating physical or mental health because of the aging process,
>         that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
> (B) Age of the Defendant.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
> (C) Family Circumstances.--
>     (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

---

[2] Title 28 U.S.C. § 994(t) provides:
The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
(D) Other Reasons.--As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).[3]

  The Defendant has not provided any medical records indicating that she is suffering from a terminal illness nor has she provided any medical records indicating that she is suffering from a serious physical or medical condition, a serious functional or cognitive impairment, or experiencing deteriorating physical or mental health due to her age that would substantially diminish her ability to provide self-care within the environment of a correctional facility and from which she is not expected to recover as provided in U.S.S.G. § 1B1.13 cmt. n.1(A). Moreover, the Defendant does not qualify for a reduction of her sentence under U.S.S.G. § 1B1.13 cmt. n.1(B) because she is not at least 65 years of age, has not provided any medical records indicating that she is experiencing a serious deterioration in physical or mental health because of the aging process, and has not served at least 10 years or 75 percent of her term of imprisonment. Furthermore, the Defendant does not claim any family circumstances that would constitute extraordinary and compelling reasons to reduce her incarceration term under U.S.S.G. § 1B1.13 cmt. n.1(C). Accordingly, the Court concludes that under these specific provisions of U.S.S.G. § 1B1.13 cmt. n.1, the Defendant is not eligible for a reduction of her imprisonment term under § 3582(c)(1)(A)(i).

---

[3] As the Government notes, the policy statement refers only to motions filed by the Director of the BOP. That is because the policy statement was last amended on November 1, 2018 and the First Step Act of 2018, which permits a defendant to file a motion for compassionate release with the district court, was enacted on December 21, 2018. The Court agrees with the Government that the policy statement applies when a district court considers a motion for compassionate release under § 3582(c)(1)(A). See United States v. Brown, No. 4:05-CR-00227-1, 2020 WL 2091802, at *7 (S.D. Iowa Apr. 29, 2020) (Pratt, J.) ("[I]f the First Step Act is to increase the use of compassionate release, the most natural reading of § 3582(c) is that the district court assumes the same discretion as the BOP Director when it considers a compassionate release motion properly before it.").

The Defendant argues that the COVID-19 pandemic is an extraordinary and compelling reason to reduce her sentence. Although the impact of the current pandemic on the detention facilities is of course concerning to the Court, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020); See also United States v. Eberhart, No. 13-CR-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) (Hamilton, C.J.). ("[A] reduction of sentence due solely to concerns about the spread of COVID-19 is not consistent with the applicable policy statement of the Sentencing Commission as required by § 3582(c)(1)(A)."). Rather, the existence of the COVID-19 pandemic is one among numerous factors the Court is to consider in determining what constitutes extraordinary and compelling reasons.

In this case, the Defendant specifically argues that she is at greater risk of developing severe symptoms of COVID-19 due to her pre-existing medical conditions including hypertension, anemia, hypothyroid, and risk of diabetes.[4] The Defendant's medical records confirm that she suffers from hypertension, anemia, and hypothyroid but does not mention any risk of diabetes. (Doc. No. 32, Ex.5 at 2.) Among the Defendant's current medical conditions, hypertension is on the Centers for Disease Control and Prevention's ("CDC") list of risk factors that may contribute to the development of severe COVID-19 symptoms. See United States v. Burkholder, No. 212CR00240GMNCWH, 2020 WL 3643434, at *2 (D. Nev. July 3, 2020) (Navarro, J.) ("Only one of Defendant's medical conditions appear on the CDC's list as potentially creating an increased risk of severe illness from COVID-19: Hypertension.").

However, as the Government points out, courts considering motions for

---

[4] The Defendant cites to four district court cases in support of her motion. (Doc. No. 29 at 2-3.) However, the Court agrees with the Government that none of the properly cited cases referenced by the Defendant are analogous to the Defendant's situation.

compassionate release have recognized a distinction between hypertension and pulmonary hypertension, with the latter being a medical condition specific to the lungs. See United States v. Hull, No. 3:17-CR-132 (SRU), 2020 WL 2475639, at *2 (D. Conn. May 13, 2020) (Underhill, C.J.) (Denying a defendant's motion for compassionate release because, among other things, "[a]lthough the CDC does list pulmonary hypertension—a condition specific to the lungs—as a risk factor, it is unclear whether [the Defendant] suffers from that ailment."); United States v. Bowman, No. 213CR307JCMCWH, 2020 WL 4289370, at *2, n.5 (D. Nev. July 27, 2020) (Mahan, J.) (Denying a defendant's motion for compassionate release and noting "that pulmonary hypertension increases a person's COVID-19 risk. *Center for Disease Control, People with Certain Medical Conditions*, (July 17, 2020). Simple hypertension (high blood pressure), however, 'may' increase COVID-19 risk, but can be managed by medication."); United States v. Barry House, No. 14-CR-00196-CRB-1, 2020 WL 2557031, at *2 (N.D. Cal. May 20, 2020) (Breyer, J.) (Denying a defendant's motion for compassionate release and noting that "while pulmonary hypertension is a risk factor, [the Defendant] appears to have essential, and not pulmonary, hypertension."); United States v. Jeffers, No. CR13-3033-LTS, 2020 WL 3100842, at *6 (N.D. Iowa June 11, 2020) (Strand, C.J.) (Denying a defendant's motion for compassionate release and noting that "[t]he CDC does not list people with hypertension as those who might be at a higher risk from serious illness from COVID-19. The CDC explains that those with pulmonary hypertension may be at a higher risk, but the medical records do not demonstrate that [the Defendant] suffers from pulmonary hypertension."). In this case, there is no evidence in the record that the Defendant suffers from pulmonary hypertension that would put her at higher risk of developing severe symptoms due to COVID-19's effects on the lungs.

Furthermore, there is no evidence in the record to suggest that the Defendant is not receiving medical treatment for her medical conditions. Indeed, the Defendant's medical record indicates that she does not have any terminal medical conditions nor

debilitating medical issues. (Doc. No. 32, Ex. 5 at 2.) Although the Defendant claims that medical care at her facility is "extremely bad" (Doc. No. 29 at 2), the Defendant offers no evidence to support such a conclusion and does not cite to any specific instance in which she received "extremely bad" medical care.[5] Moreover, as the Government outlined in its response, the BOP is taking active precautions to limit the potential spread of the virus within its facilities. (Doc. No. 32 at 2-5.) Given the record before the Court, the Defendant has not shown that she is at high risk of developing severe symptoms of COVID-19. Accordingly, the Court cannot find extraordinary and compelling reasons under U.S.S.G. § 1B1.13 cmt. n.1(D) to justify reducing the Defendant's incarceration term and concludes that the Defendant is not eligible for a reduction of her imprisonment term under § 3582(c)(1)(A)(i).

Although the Court concludes that there are no extraordinary and compelling reasons to grant the Defendant's motion for compassionate release, the Court is required under § 3582(c)(1)(A) to consider the § 3553(a) factors in deciding whether to grant the Defendant's motion. See Burkholder, 2020 WL 3643434, at *3. These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established in the Sentencing Guidelines; (5) any pertinent policy statement issued by the Sentencing

---

[5] To the extent that the Defendant raises an Eighth Amendment claim challenging the conditions of her confinement, the Court declines to reduce the Defendant's sentence or order her release on Eighth Amendment grounds based on the procedural posture of the Defendant's request for relief. See United States v. Numann, No. 3:16-CR-00025-TMB, 2020 WL 1977117, at *4 (D. Alaska Apr. 24, 2020) (Burgess, J.) (An Eighth Amendment claim "relating to the manner and conditions of confinement—are not properly brought in a motion for compassionate release [under § 3582(c)(1)(A)] and this Court does not have jurisdiction to consider them.").

Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims. 18 U.S.C. § 3553(a).

The Defendant's conviction in this case for importing heroin, a Class A felony, weighs against early release. Additionally, the Defendant has criminal history that includes a prior federal felony conviction for importing methamphetamine. (Doc. No. 22 at 6-7.) The Defendant claims that she presents a minimum risk of recidivism. (Doc. No. 29 at 2.) However, the record reflects the contrary. The Defendant was on supervised release at the time the offense in this case was committed, leaving the Court with little confidence that the Defendant will be deterred from criminal conduct or that the public will be protected from further crimes of the Defendant if granted early release. Additionally, at the time of sentencing, the Court sentenced the Defendant to the minimum mandatory term of 60 months to reflect the seriousness of the offense and to provide just punishment for the crime. To reduce the Defendant's sentence would stray from the § 3553(a) factors. Nevertheless, the Government reports that the BOP has approved the Defendant to begin home confinement on November 1, 2021. (Doc. No. 32 at 14.) The Court agrees with the Government that this plan "presents a far more narrowly tailored alternative to address the potential COVID-19 threat than reducing her duly imposed criminal sentence." (Id.) Accordingly, after considering the § 3553(a) factors, the Court concludes that granting the Defendant's motion for compassionate release is not warranted under the facts and circumstance of this case.

Although the Defendant does not qualify for a reduction of her imprisonment term under § 3582(c)(1)(A), the Court may also "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure" under § 3582(c)(1)(B). The Defendant's motion also includes a request to convert her sentence from incarceration in a BOP facility to home detention. (Doc. No. 29 at 4.) However, the Supreme Court has made it clear that "[w]hen a court sentences a federal offender, the BOP has plenary control,

subject to statutory constraints, over 'the place of the prisoner's imprisonment,' [18 U.S.C.] § 3621(b)." Tapia v. United States, 564 U.S. 319, 331 (2011). Although "the First Step Act expressly permits the Attorney General to release some or all eligible elderly offenders and eligible terminally-ill offenders from the BOP facilities to home detention" under Title 34 U.S.C. 60541, Title 18, U.S.C. § 3582(c)(1)(B) only "permits courts to modify an imposed term of imprisonment, not the method of incarceration." Curry, 2019 WL 508067, at *2. Accordingly, Title 34 U.S.C. § 60541 only authorizes the Attorney General, not the courts, to modify the method of imprisonment from a BOP facility to home confinement. Title 18 U.S.C. § 3582(c)(1)(B) does not permit the Court to make such modification that has been exclusively delegated to the Attorney General's discretion by statute. Accordingly, the Court declines the Defendant's request for such action under § 3582(c)(1)(B).

## Conclusion

After considering the Defendant's motion and applying the relevant law and legal standards, including consideration of the § 3553(a) factors in this matter, and based on the current record, the Court DENIES the Defendant's motion compassionate release under Title 18 U.S.C. § 3582(c)(1)(A) and DENIES her request to convert her incarceration in a BOP facility to home confinement under Title 18 U.S.C. § 3582(c)(1)(B) and Title 34 U.S.C. § 60541. (Doc. No. 29.)

The Clerk is directed to send a copy of this order to the Defendant.

IT IS SO ORDERED.

DATED: August 14, 2020

HONORABLE MARILYN L. HUFF
UNITED STATES DISTRICT JUDGE