# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DORA YVONNE ACUNA GONAZLES,<br><br>Defendant. | Case No. 17CR2970-H<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION FOR POST-SENTENCING REHABILITATION<br><br>(Doc. No. 35.) |

Pending before the Court is Defendant Dora Yvonne Acuna Gonzales' motion for reconsideration for post-sentencing rehabilitation pursuant to Title 18 U.S.C. § 3742(e)[1]. (Doc. No. 35.) The Government opposes the Defendant's motion on the

---

[1] Title 18 U.S.C. § 3742(e) provides:
Consideration.--Upon review of the record, the court of appeals shall determine whether the sentence--
    (1) was imposed in violation of law;
    (2) was imposed as a result of an incorrect application of the sentencing guidelines;
    (3) is outside the applicable guideline range, and
        (A) the district court failed to provide the written statement of reasons required by
            section 3553(c);
        (B) the sentence departs from the applicable guideline range based on a factor that--
            (i) does not advance the objectives set forth in section 3553(a)(2); or
            (ii) is not authorized under section 3553(b); or
            (iii) is not justified by the facts of the case; or
        (C) the sentence departs to an unreasonable degree from the applicable guidelines
            range, having regard for the factors to be considered in imposing a sentence, as

1

grounds that the statute cited by the Defendant is only applicable when a court of appeals reviews a sentencing on appeal. (Doc. No. 37.) The Court agrees with the Government. "[Title] 18 U.S.C. § 3742 deals with review of a sentence after an appeal by the defendant or the Government, and the District Court does not enter into this process unless the Court of Appeals remands for resentencing." Lunn v. United States, No. 1:16CR19-4, 2020 WL 3529823, at *1 (M.D.N.C. June 30, 2020) (Osteen, J.). Furthermore, the Supreme Court in Pepper v. United States, 562 U.S. 476 (2011) held that "when a defendant's sentence has been set aside on appeal, a district court at resentencing may consider evidence of the defendant's post sentencing rehabilitation and that such evidence may, in appropriate cases, support a downward variance from the now-advisory Federal Sentencing Guidelines range."

In this case, the Defendant pled guilty and waived her right to appeal her sentence pursuant to the plea agreement. (Doc. No. 19 at 11.) The Defendant did not attempt to file an appeal of her sentence and the sentence has not been set aside by the Court of Appeals. Thus, this Court does not have the authority to resentence the Defendant and in the process consider her post-sentencing rehabilitation. See United States v. Briceno, No. 11-20076-2, 2016 WL 3418489, at *1 (E.D. Mich. June 22, 2016) (Tarnow, J.) ("Defendant has not appealed her sentence nor had it set aside on appeal, therefore there is no authority for the Court to adjust her sentence [under § 3742(e)]."); See also United States v. Handa, 122 F.3d 690, 691 (9th Cir. 1997), as amended on reh'g (Aug. 4, 1997), cert. denied, 522 U.S. 1083, 118 S.Ct. 869, 139 L.Ed.2d 766 (1998) ("A district court does not have inherent power to resentence defendants at any time. Its authority to do so must flow either from the court of appeals mandate under 28 U.S.C. § 2106 (1982) or from Federal Rule of Criminal Procedure 35.") (citations omitted).

---

set forth in section 3553(a) of this title and the reasons for the imposition of the particular sentence, as stated by the district court pursuant to the provisions of section 3553(c); or
(4) was imposed for an offense for which there is no applicable sentencing guideline and is plainly unreasonable.

For the forgoing reasons, the Court DENIES the Defendant's motion for reconsideration for post-sentencing rehabilitation pursuant to Title 18 U.S.C. § 3742(e).

The Clerk is directed to send a copy of this order to the Defendant.

IT IS SO ORDERED.

DATED: November 10, 2020

_____
HONORABLE MARILYN L. HUFF
UNITED STATES DISTRICT JUDGE